UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:10CR11-V

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **ROBBIE PAUL HOWELL,** | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on the Defendant's Response to the Government's Motion to Dismiss and Defendant's Motion for Mistrial, filed July 31, 2010. (Document #31) On July 30, 2010, the Government filed a Motion To Dismiss Counts Two, Three, and Five of the Superseding Bill of Indictment. (Document #30) Consequently, Counts Two, Three, and Five have been dismissed by the Court *without prejudice*.

In his motion, Defendant contends that the jury already selected in this case has been "irrevocably tainted" as a result of the Government's description of charges during *voir dire* that have since been dismissed.[1] The dismissed charges allege additional incidents of kidnapping and interstate domestic violence in violation of 18 U.S.C. §§1201(a)(1) and 2261(a)(2), as well as the use and carry of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c)(1). Although similar to the remaining offenses (Counts One and Four), the dismissed charges allegedly occurred on a separate date between Defendant and a different victim. Moreover, there is no weapons offense charged in connection with Counts One or Four. Accordingly, Defendant argues that his right to trial by an impartial and unbiased jury is now compromised and cannot be cured.

---

[1] The undersigned does not have the benefit of the transcript of *voir dire* because it has not been prepared to date.

Defendant's motion is well taken. The fact that the jury was made aware of these very serious charges during *voir dire* creates a legitimate concern and real potential for juror bias and / or prejudice. For the reasons discussed herein, the Court, in its discretion, finds that discharge of the jury previously selected for the trial of this matter is prudent. In order to accomplish this, the Court will postpone the trial of this matter until August 24, 2010, at which time a new array of jurors will be available for *voir dire*. Trial will commence immediately following jury selection. Any outstanding motions, including those contained within the Defendant's Response (Document #31), will be addressed at that time.

The Court further finds that the ends of justice served by taking such action as requested by the Defendant outweigh the best interest of the public and the Defendant to a speedy trial.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Mistrial is hereby **GRANTED** and this trial **CONTINUED** from August 4, 2010 to August 24, 2010, at 9:30 a.m. in the Statesville Division.

Signed: August 3, 2010

Richard L. Voorhees
United States District Judge