**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:10-CR-00011-RLV-DCK-1**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBBIE PAUL HOWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the Government's Motion to Authorize Payment from Inmate Trust Account. (Doc. 80). Defendant Robbie Paul Howell has not responded to the Government's motion and the time to do so has elapsed. Accordingly, the motion is ripe for disposition.

In 2010, a jury found Defendant guilty of kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (2006), and interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2), (b)(3) (2006). As part of his sentence, the Court ordered Defendant to pay $15,706.31 in restitution. (Doc. 62 at 5). The Court ordered Defendant to begin paying his restitution obligation immediately. *Id.* at 6. In its motion, the Government represents that Defendant has paid $1,441.33 toward his restitution obligation, leaving a balance of $14,264.98. (Doc. 80 at 1). The Government also represents that, as of the date of its motion, Defendant's Bureau of Prisons' (BOP) inmate trust account contained $5221.38. *Id.* at 2. The Government seeks an order authorizing the BOP to turn over $4721.00 for purposes of payment toward Defendant's restitution obligation. *Id.*

The Government may enforce a judgment imposing restitution in accordance "with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."

18 U.S.C. §§ 3613(a), (f); 3663(m)(1)(A) (2012). "[A]n order of restitution made pursuant to [18 U.S.C. § 3663A (2012)] is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). A defendant ordered to pay restitution pursuant to 18 U.S.C. § 3663A is obligated to satisfy his restitution obligation "from any source" of money he receives until the obligation is satisfied. 18 U.S.C. § 3664(n) (2012). An inmate trust account is a source from which monies may be applied to satisfy a restitution order. *See* 28 C.F.R. § 545.11(b). Having reviewed the Government's motion, the Court concludes that the funds in Defendant's inmate trust account are subject to the Government's lien for purposes of partially satisfying the remaining balance on the restitution obligation imposed by this Court.

**IT IS, THEREFORE, ORDERED THAT** the Government's Motion to Authorize Payment from Inmate Trust Account (Doc. 80) is **GRANTED**, and the Bureau of Prisons is hereby authorized to turn over to the Clerk of Court, for partial payment of Defendant's restitution obligation, the lesser of either $4721.00 or the Defendant's present inmate trust account balance less $500.38.

Signed: December 12, 2016

Richard L. Voorhees
United States District Judge