**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:10-CR-00011-RLV-DCK-1**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBBIE PAUL HOWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's letter dated December 27, 2016, which this Court construes as a Motion for Reconsideration of this Court's Order Granting Authorization of Payment from Inmate Trust Account ("Authorization Order").[1] (Doc. 82). The Government filed a Response in Opposition to Defendant's Motion for Reconsideration, (Doc. 83), and Defendant filed a Reply to the Government's Response, (Doc. 84). For the reasons stated below, Defendant's Motion for Reconsideration, (Doc. 82), is **DENIED**.

## I.     BACKGROUND

In 2010, a jury found Defendant guilty of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2), (b)(3). (Doc. 52). As part of his sentence, the Court ordered Defendant to pay $15,706.31 in restitution. (Doc. 62 at 5). The Court ordered that payment of the restitution obligation was to "begin immediately" and that if Defendant did not satisfy his restitution obligation within sixty days of his release from imprisonment, Defendant was obligated to make $50.00 monthly payments toward any remaining balance. *Id.* at 6. Defendant represents that he has been participating in the

---

[1] "A document filed *pro se* is to be liberally construed[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted).

Federal Bureau of Prison's ("BOP") Inmate Financial Responsibility Program ("IFRP") and has been making quarterly payments "for years." (Doc. 82 at 1).

In its Motion for Authorization of Payment from Inmate Trust Account ("Motion for Authorization"), the Government represented that Defendant had paid $1,441.33 toward his restitution obligation, leaving a balance of $14,264.98. (Doc. 80 at 1). At the time of the Government's Motion for Authorization, Defendant's BOP's inmate trust account contained $5,221.38. *Id.* at 2. The Government sought an order authorizing the BOP to turn over $4,721.00 for purposes of payment toward Defendant's restitution obligation. *Id.* On December 12, 2016, this Court entered the Authorization Order, directing the BOP to turn over to the Clerk of Court, for partial payment of Defendant's restitution obligation, the lesser of either $4,721.00 or Defendant's inmate trust account balance less $500.38. (*See* Doc. 81 at 2). Funds were subsequently removed from Defendant's inmate trust account and are currently being held by the Clerk of Court pending resolution of Defendant's Motion for Reconsideration. (*See* Doc. 82 at 2).

Defendant argues that reconsideration of the Motion for Authorization is warranted because he did not receive notice of the Government's Motion for Authorization. (Doc. 82 at 1). Furthermore, Defendant makes two arguments in opposition to the Motion for Authorization. First, Defendant contends that this Court lacked authority to enter the Authorization Order in light of his participation in the BOP's IFRP and in light of the terms of the criminal judgment, which allow him to make payments following his release from imprisonment. *Id.* Second, Defendant argues that the Authorization Order was improper because he is under general financial hardship. *Id.* at 1-2. In response, the Government argues that Defendant's voluntary participation in IFRP does not preclude the Government from pursuing other collection mechanisms to satisfy the restitution obligation. (Doc. 83 at 3).

## II.    DISCUSSION

Before deciding whether Defendant is entitled to reconsideration and relief, the Court finds it necessary to determine whether the Government has demonstrated proper service of process with respect to its Motion for Authorization.  Under Fed. R. Civ. P. 5, a movant must serve a motion by "mailing it to the person's last known address[.]"  In addition, the motion must be filed "together with a certificate of service[.]"  Fed. R. Civ. P. 5(d)(1).  Generally, service is complete upon mailing and non-receipt of the information does not affect the validity of service.  *See, e.g.*, *In re Eagle Bus. Mfg. Inc.,* 62 F.3d 730, 735 (5th Cir.1995) ("[T]he question becomes whether the sender properly mailed the notice and not whether the intended recipient received it.").  The serving party, however, has the burden of showing that it completed service.  *Christian v. City of Greenville, S.C.*, 2017 WL 371038, at *6 (D.S.C. Jan. 26, 2017).  Furthermore, "[a] presumption that a document was actually mailed attaches to a valid certificate of service."  *Id.*

Here, the Government has failed to show that it properly completed service of its Motion for Authorization of Payment.  Although the Government filed a Certificate of Service contemporaneously with its Motion for Authorization, there was no address listed for Defendant under his name.  (Doc. 80 at 6).[2]  In its Response in Opposition to Defendant's Motion for Reconsideration, the Government contends that the Certificate of Service was "redacted" and attached an "unredacted Certificate of Service," which it contends was served on Defendant.  (*See* Doc. 83 at 2; Doc. 83-1).  However, the Government offers no explanation as to why the Motion for Authorization Certificate of Service was redacted in its first submission.  (*See* Doc. 83).

---

[2] Instead, the Certificate of Service provided that it was served on Defendant and listed his address as follows:

    Robbie Paul Howell 24711-058
    XXXXXXXXXXXXXXXXX
    XXXXXXXXXXXXXXXX

(Doc. 80 at 6).

Furthermore, the two lines of redaction, by way of "X"s, do not match the four lines of text in the unredacted certificate of service, creating doubt regarding whether the "X"s were the result of redaction or were temporarily placed on the document as a place holder for Defendant's address, to be completed upon mailing. Accordingly, the Court is unable to conclude that the Government produced a valid certificate of service, and the Government, therefore, is not entitled to the presumption of valid service that accompanies the production of a valid certificate of service. Taking into consideration that Defendant did not file a response in opposition to the motion but did promptly move for reconsideration following this Court's order and given the unfavorable disposition of the motion as to Defendant, this Court will address the arguments Defendant raises in his Motion for Reconsideration.

Reconsideration of a prior order is appropriate where "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005) (citations omitted); *see also Carolina Internet, Ltd. v. TW Telecom Holdings, Inc.*, No. 3:11-310, 2011 WL 4459204, at *1 (W.D.N.C. Sept. 26, 2011) (Mullen, J.); *Stephens v. Wachovia Corp.,* 2008 WL 1820928 at *2 (W.D.N.C. Apr. 21, 2008) (noting that "the decision whether to reconsider or modify an interlocutory order is a matter within the discretion of the Court"). The Government may enforce a judgment imposing restitution in accordance "with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §§ 3613(a), (f); 3663(m)(1)(A) (2012). "[A]n order of restitution made pursuant to [18 U.S.C. § 3663A (2012)] is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code

of 1986." 18 U.S.C. § 3613(c). A defendant ordered to pay restitution pursuant to 18 U.S.C. § 3663A is obligated to satisfy his restitution obligation "from any source" of money he receives until the obligation is satisfied. 18 U.S.C. § 3664(n) (2012). "Although certain property may be exempt when claimed by a defendant in a criminal case, cash is generally not considered exempt." *United States v. Busack*, 2016 WL 1559599, at *1 (N.D.W. Va. Apr. 18, 2016), *aff'd,* 670 F. App'x 810 (4th Cir. 2016) (citing 18 U.S.C. § 3613(a)(1) (citing 26 U.S.C. § 6334(a)(1-10), (12))); *see United States v. Smalls*, 2016 WL 6582473, at *1 (W.D.N.C. Nov. 4, 2016) (granting government's motion to authorize payment from defendant's inmate trust account); *see also Mahers v. Halford*, 76 F.3d 951, 955 (8th Cir. 1996) (finding no due process violation where money inmate received after prevailing in 42 U.S.C. § 1983 litigation was applied to restitution).

Defendant's participation in IFRP does not preclude the Government from using other available collection mechanisms to seek payment of the monetary penalties under this Court's criminal judgment. *See United States v. Diehl*, 848 F.3d 629, 633 (5th Cir. 2017) (holding government could seek collection of inmate's debt from inmate trust account despite his participation in IFRP and adherence to IFRP payment schedule); *see also McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) (holding that BOP's IFRP payment schedule did not conflict with criminal judgment making assessment due "in full immediately"). "[A]lthough inmates may use IFRP as a vehicle for satisfying unpaid special assessments and fines, a BOP-created IFRP payment schedule does not supersede the terms of [the criminal judgment]." *Diehl*, 848 F.3d at 634.

Furthermore, contrary to Defendant's assertion, this Court does not "breach" the criminal judgment by granting the Government's Motion for Authorization. (*See* Doc. 82 at 1). Indeed, the Schedule of Payments appended to the criminal judgment provided that payment of the

criminal penalties, including restitution, were "to begin immediately." (Doc. 62 at 6). Although the Schedule of Payments requires Defendant to make minimum installments of $50.00 per month after his release from custody, *id.*, that does not preclude the Government from garnishing non-exempt assets before his release from custody, *see United States v. Blondeau*, 2011 WL 6000499, at *4 (E.D.N.C. Nov. 1, 2011) ("The fact that the Court allowed any remaining balance owed to be paid over time through the [IFRP] and, post-release, through installments . . . does not preclude the government from immediately collecting restitution from non-exempt assets.") (magistrate judge's memorandum & recommendation adopted by *United States v. Blondeau*, 2011 WL 6001281 (E.D.N.C. Nov. 30, 2011)); *United States v. James,* 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004) ("While a schedule of $150 per month was put in place in the event restitution was not paid immediately, the existence of this schedule does not mean that the government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied.").

Finally, the Defendant argues that the payment from his inmate trust account is improper because he is under general financial hardship. (*See* Doc. 82 at 2). However, "courts have held that indigency alone is not a bar to ordering the payment of restitution." *Busack*, 2016 WL 1559599, at *2 (citing *United States v. Porter*, 41 F.3d 68, 71 (2d Cir. 1994); *United States v. Logar*, 975 F.2d 958, 962 (3d Cir. 1992); *United States v. Bruchey*, 810 F.2d 456, 461 (4th Cir. 1987); *United States v. House*, 808 F.2d 508, 510 (7th Cir. 1986)).

I.    **DECRETAL**

**IT IS, THEREFORE, ORDERED THAT**

(1)    Defendant's Motion for Reconsideration, (Doc. 82), is **DENIED**; and

(2)     The Clerk of Court is directed to proceed with the disbursement of the garnished funds in accordance with the criminal judgment (Doc. 62) and this Court's Order granting the Government's Motion for Authorization (Doc. 81).

Signed: August 1, 2017

Richard L. Voorhees
United States District Judge